IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES BUECHLER                *

       Plaintiff     *

       vs.           *    CIVIL ACTION NO. MJG-12-2491

BEST GAMING, INC., et al.     *

       Defendants    *

\*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

The Court has before it Plaintiff's Motion for Partial Summary Judgment [Document 15], Plaintiff's Motion to Strike Defendant's Sur-Reply [Document 21] and the materials submitted relating thereto. The Court finds it unnecessary to consider Defendant's "sur-reply" [Document 20] and finds no need for a hearing on the summary judgment motion.

A motion for summary judgment shall be granted if the pleadings and supporting documents "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The well-established principles pertinent to such motions can be distilled to a simple statement: The Court may look at the evidence presented in regard to the motion for summary judgment through the non-movant's rose colored glasses, but must view it realistically.

After so doing, the essential question is whether a reasonable fact finder could return a verdict for the non-movant or whether the movant would, at trial, be entitled to judgment as a matter of law. See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Shealy v. Winston, 929 F.2d 1009, 1012 (4th Cir. 1991).

Plaintiff seeks to impose liability on Defendant by virtue of the alleged fact that on June 29 and August 1, 2012 he was charged a $3.00 ATM terminal fee on an ATM machine that did not have a notice required by the Electronic Funds Transfer Act. 15 U.S.C. § 1603 et seq. Plaintiff has presented his sworn declaration, together with photographs that the Court will assume[1] show the ATM machine without notices at the time of Plaintiff's transactions.[2]

Defendant is not relying upon the bona fide error defense under 15 U.S.C. § 1694(h). Rather Defendant accuses Plaintiff of fraudulent conduct. Defendant asserts that Plaintiff "intentionally and fraudulently either a) removed the fee notice from the subject machine and placed the notice back on the machine, or b) took photographs of the machine with the fee notice attached and "photo-shopped" the image to digitally

---

[1] The photographs presented are not particularly clear.
[2] Plaintiff's statement can reasonably be interpreted to mean that the photographs were taken at the time of the transactions at issue although it does not precisely so state.

remove the fee notice from the photograph."  Def.'s Resp. [Document 18] at 4 (emphasis in original).  Defendant provides the affidavit of the manager of its establishment stating that she was present on the dates at issue and at many other times since it was installed in August 2011.  She states that the machine was in a readily observable location and that she "never observed the required fee notice <u>not</u> be on the machine." Smallwood Aff. [Document 18-1] at 1 (emphasis in original).

Plaintiff contends that there is no genuine issue of material fact because the affidavit is not based on the affiant's personal knowledge, primarily because in her affirmation she stated that her statement was "true and correct to the best of my knowledge, information and belief."  The Court does not agree.  There are portions of the Affidavit that can be viewed as not statements of direct personal observation. For example, the statement that at the times of the transactions the "bar area would have been extremely crowded," etc. <u>Id.</u> at 2. However, as to the presence or absence of a notice, the witness' statement can most reasonably be interpreted to constitute the affirmative statement that she personally observed the ATM machine with the notice thereon during relevant times.  If the jury should find that the witness saw the ATM machine with the notice thereon at times reasonably close to the transactions at issue, there would be a reasonable question

raised as to whether Plaintiff took an action as alleged by Defendant.

The Court finds that there are genuine issues of material fact that prevent a grant of partial summary judgment to Plaintiff.

For the foregoing reasons:

1. Plaintiff's Motion for Partial Summary Judgment [Document 15] is DENIED.

2. Plaintiff's Motion to Strike Defendant's Sur-Reply [Document 21] is GRANTED.

3. Plaintiff shall arrange a telephone conference, to be held by May 15, 2013, to schedule trial proceedings.

SO ORDERED, on Tuesday, April 30, 2013.

/s/
Marvin J. Garbis
United States District Judge